JUDGE ROBERTSON
delivered the opinion op the court:
In the spring of the year 1863 the appellant, Duncan, for a valuable consideration and in apparent good faith, obtained the ostensible title to a gray horse, which, after claiming and using it as his own for more than a year, he passed to the appellant, Lewis, in exchange for another horse; about four months after which, Lewis, in like manner, passed the horse to the appellee, King, and King, about two months afterwards, exchanged it with one Mantello for another horse. Some time afterwards, a band of men, claiming to be Federal soldiers, authorized to take horses branded TI. S., took this gray horse from Mantello, who sued King for that eviction, and recovered *420 a judgment for the value of the horse. Thereupon, King brought this action against Lewis, who made his answer a cross-petition against Duncan.
Verdict and judgment having been rendered in King’s favor against Lewis, and in Lewis’ favor against Duncan, each of them appealed.
On the trial, the court refused to instruct the jury that the obscure brand U. 8., discovered when the horse was taken from Mantello, was “ not, in itself, evidence of title in the government.”
Although such a brand, unaffected by any other opposing fact or presumption, may be an admissible circumstance, prima facie - indicating title in the government when it was made, yet, as hitherto decided by this court, it so often happens that the brand was not impressed by Federal authority as a badge of title in the government, and that, when even so imprinted, the government had not bought the horse from the time owner, or had sold it or lost it by military capture, that the uncorroborated brand might be insufficient proof of want of title in a bona fide purchaser from a citizen claiming and using the horse as his own individual property.
But any slight presumption of title having been once in the government which might arise from the final discovery of an obscure brand which Federal officers, and all other persons who had previously searched for it had failed to detect, is outweighed in this case by the preponderating inference from the possession and claim and transfers of the horse as private property for more than three years. And, under these circumstances, the verdict was unauthorized, and the rejected instruction— meaning, in reference to all the facts, that the mere brand, as obliterated by time, was not evidence sufficient *421 to authorize a verdict against the appellants — ought to have been given.
Wherefore, the judgment against the appellant Lewis, and that also against the appellant Duncan, altogether dependent upon it and consequential from its stability, are reversed, and the cause remanded for a new trial as to both appellants.